UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-21051-CIV-RUIZ/GOODMAN

TIA STOTTS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER CONCERNING PLAINTIFF'S SECOND UNOPPOSED MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Tia Stotts ("Plaintiff") filed a Second Unopposed Motion for Leave to Proceed *In Forma Pauperis*. [ECF No. 18]. United States District Judge Rodolfo A. Ruiz II referred this case to the Undersigned for rulings on all non-dispositive matters and for issuance of a report and recommendations on any dispositive matters. [ECF No. 12].

Plaintiff previously filed a Motion for Leave to Proceed *In Forma Pauperis*. [ECF No. 3]. The Undersigned granted the first motion and, because Plaintiff was in custody at the time, required that she pre-pay the full amount of the filing fee. [ECF No. 4]. In the present motion to proceed *in forma pauperis*, Plaintiff states that she was **released** from custody on June 13, 2024. [ECF No. 18, p. 1]. Based on this new status, she renews her request to proceed *in forma pauperis* without payment of the remaining $371.11 filing fee.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The statute allows for the Court to "authorize the commencement, prosecution or defense of any suit, action or proceeding . . . **without prepayment of fees** . . ." 28 U.S.C. § 1915(a)(1) (emphasis supplied). The statute does not waive the requirement that the indigent person pay the filing fee; it is merely not requiring that the indigent person **prepay** the fee. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds *in forma pauperis;* all § 1915(a) does for any litigant is excuse the *pre*-payment of fees.").

However, if a prisoner brings an action, then the prisoner is "**required to pay the full amount of a filing fee**." 28 U.S.C. § 1915(b)(1) (emphasis supplied); *see also Robbins v. Switzer*, 104 F.3d at 898. Additionally, the statute establishes a payment schedule for the prisoner -- an initial partial payment and then "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(1).

"This additional requirement for prisoners came in response to congressional concern that too many prisoners were filing frivolous or repetitive lawsuits" *DeBlasio v. Gilmore*, 315 F.3d 396, 398–99 (4th Cir. 2003) (citing *Roller v. Gunn,* 107 F.3d 227, 229 (4th Cir.1997)).

2

When Plaintiff filed her original *in forma pauperis* motion, she was in custody. [ECF No. 3]. As such, when I granted the request, I required that she pay an initial filing fee and monthly installments based on the preceding month's income credited to her account. [ECF No. 4]. However, Plaintiff is no longer in custody and has filed a second *in forma pauperis* motion requesting to not prepay the remaining amount of the filing fee.

Here, the question is whether the statute's pre-payment requirements continue to apply to the former prisoner who was granted *in forma pauperis* while in custody?

The Eleventh Circuit does not have binding precedent on this issue. There is an Eleventh Circuit opinion that discussed the language of 28 U.S.C. § 1915(b), but it did so when analyzing a different statute -- 42 U.S.C. § 1997e(e)). *See Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (deciding whether 42 U.S.C. § 1997e(e) "applies to lawsuits that are filed while the plaintiff is a confined prisoner but which are not decided until after he is released from confinement").

Other circuit courts have addressed section 1915 and how it applies to individuals who are no longer prisoners, but who were initially in custody when seeking *in forma pauperis*. Various circuit courts interpret section 1915 differently but ultimately reach the same result.

Prisoners are required to prepay the filing fee based on the scheduled payments dictated by the statute. They are not relieved of that requirement simply because they are

3

released from custody. Further, if the prisoner is current on the payments and is released before paying the entire filing fee, then the indigent person does not need to immediately pay the remaining balance. Courts have allowed for the released prisoner to apply for *in forma pauperis* again.

When interpreting 28 U.S.C. § 1915, the Second and Fourth Circuits found that there is "a conflict between § 1915(b)(1) and § 1915(b)(2) because there is no available inmate account from which to deduct payments once the litigant is released from prison." *DeBlasio v. Gilmore*, 315 F.3d 396, 398–99 (4th Cir. 2003) (citing *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996)) (finding that the Second Circuit's reasoning in *McGann* persuasive).

Not only is there no longer an inmate account from which to deduct payments once a prisoner is released, but there is also no way to *calculate* the payments. *See McGann*, 96 F.3d at 29-30. The Second Circuit stated that this issue could be resolved in two different ways:

> The [Prisoner Legal Reform Act of 1995 ("PLRA")] could be construed to mean that once a prisoner files a complaint or appeal, he becomes liable for the full amount of filing fees, and, if released, must then pay the entire remaining amount of those fees or have his complaint or appeal dismissed. Alternatively, the PLRA could be construed to mean that the required partial fee payments are to be made only while the prisoner remains in prison, and that, upon his release, his obligation to pay the fees is to be determined, like any non-prisoner, solely by whether he qualifies for IFP status.

*Id.* at 30. The Second Circuit reasoned that the second construction conformed better to the PLRA's structure because requiring full payment would make it more onerous for released prisoners than those who were still incarcerated. *Id.*

On the other hand, the Seventh Circuit found that there is not an inconsistency with § 1915(b)(1) and § 1915(b)(2):

> Section 1915(b)(1) says that notwithstanding § 1915(a)(1) a prisoner must prepay fees, to an extent determined by transactions in his prison account. Understanding this makes it easy to apply every part of the statute. The prisoner is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule. What excuses further prepayment after release, if the former prisoner is destitute, is not a conflict between § 1915(b)(1) and § 1915(b)(2), as the majority in *McGann* thought, but § 1915(b)(4).

*Robbins*, 104 F.3d at 898.

Section 1915(b)(4) provides: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). The Seventh Circuit found that the majority in *McGann* did not consider this provision. *Robbins*, 104 F.3d at 898.

The Seventh Circuit then took the approach of "requiring prepayment of the sum that should have been remitted before release." *Id.* It stated that it had "no reason to suppose that the second circuit would reject this option" and did not believe its opinion created a conflict in outcomes. *Id.*

5

In *Harris* v. *Garner,* Judge Tjoflat's concurrence in part explained that:

The Fifth and Seventh Circuits held that this part of the PLRA requires former prisoners to pay amounts due under the statute through the time of their release in order to continue prosecuting claims filed while in custody. This interpretation of section 1915(b)(1) makes sense because, as the D.C. Circuit has observed, if a prisoner has not complied with the filing fee provisions of the statute, he still has "past due, unmet obligations" even if he is later released. *In re Smith,* 114 F.3d 1247, 1251–52 (D.C. Cir. 1997). **All of the circuits interpreting section 1915(b)(1) recognize that the statute ceases to apply when a prisoner is released; it has not been applied to require prisoners to pay fees that would accrue *after* the prisoner is released.**

216 F.3d at 990 (emphasis supplied).

The Undersigned agrees with the Seventh Circuit's approach in *Robbins*. Plaintiff was a prisoner at the time of filing and thus needs to pay the initial partial filing fee and any monthly payments due while she was in custody. If she has made the required payments, then she can request to proceed *in forma pauperis* as a non-prisoner, which she has done with the filing of the current motion.

In the motion, Plaintiff represents that she paid her initial filing fee on March 20th and made two additional payments on April 30th and May 15th. She was released from custody on June 13, 2024. While it appears that Plaintiff was complying with the pre-payment requirements, the Undersigned cannot properly ascertain from the motion whether any additional monthly payments from her prisoner account were due (i.e., in

6

June, did she owe twenty percent of the preceding month's income credited to her prisoner's account?).

Therefore, Plaintiff shall by August 16, 2024, file a supplemental affidavit or declaration on CM/ECF, providing clarification on whether she owed anything additional and if she paid it. If she was supposed to prepay anything more before she was released but has not done so, then she will be required to make that payment before the Undersigned can rule on the pending motion. To the extent Plaintiff would like an Order on the *in forma pauperis* motion, Plaintiff is incentivized to make a payment (assuming it is even owed) sooner, rather than later.

**DONE AND ORDERED** in Chambers, Miami, Florida, on July 30, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Rodolfo A. Ruiz II
All Counsel of Record